McFarland, J.,
delivered the opinion of the court:
The complainants, merchants at Columbia, bring this bill for the purpose of subjecting the separate estate of fhe defendant, Mrs. L. A. Hoge (a married woman), to the satisfaction of two claims they have against her.
1. A store account for goods which they , allege they sold to her for her own use and that of her family, upon her express contract and stipulation that the debt should be a charge upon her separate estate. „ .
2. A judgment rendered by a justice of the peace against Mrs. Hoge and her husband, J. H. Hoge, in favor of Will Polk, and by him assigned to complainant, which judgment it is averred was rendered upon a note given by Hoge and wife for the purchase of house to be used by Mrs. Hoge for the support of herself and children and the improvement of her estate — it being expressly stipulated in the note that the same was to' be a charge upon the separate estate of Mrs. Hoge. The equities of the bill are denied by the answer. Upon the hearing the depree of the chancellor was against the complainants as to the store account, but in their favor as to the judgment. The defendant alone has appealed.
As the two claims are entirely separate and distinct, it is probable that as complainants have not appealed from the decree against them in regard to the store account, that this branch of the case is not before us, but conceding that the appeal of the defendant opens this question for review *104 in this court, wé have no difficulty in affirming the decree of the chancellor in this respect.
The proof fails to sustain the allegations of the bill. It simply shows .that Mrs. TIoge said to the complainants that she owned property of her ' own given her by her father, that she was able to pay for such goods- as she and her daughter might purchase, and that she would do so, and that she wanted' her account kept separate from her husband’s, but the proof fails to show that she made any express stipulation that her ’ separate ' estate should be charged with 'the payment 'of' the account, or what particular part of the accbunt Was made by her for her own use; on the contrary it was all charged to her hiisband. It is therefore clear -that upon this branch of the case the decree is correct.
The case remains to- be considered as to the other claim of the ponrplaináínts.
The answer denies that the judgment of the justice was rendered against’ Mrs. Hoge, 'and the transcript furnished as the evidence is not explicit; being only a' transcript of the justice’s docket, .which does' not explicitly show whether or not the judgment was against both defendants, but for the 'purposes of this case we will so regard i't.
It was held by this court, in the case of Crawford v. Crawford, reported in 1 Tennessee Legal Rep., 37 [since in 2 Shannon’s Cases, 156], that a judgment at law against a married woman is .not void by the reason of her cover-ture, If 'she fail to make defense, the judgment will be valid, and execution thereon maybe levied upon property owned by her in her absolute right. See also. Freeman on Judgments, 14-9, 150.
The question, however, whether an execution upon such a judgment will reach the “separate estate” of the married woman did not arise. Strictly speaking, it might be said not to arise in the present case inasmuch as to- test this question, the complainants need only have issued their execution at law-. They do not in their bill place their *105 claim upon tliis ground, but'seek the aid of the court to reach the separate estate of the married woman, upon the ground that the original contract charged the debt upon ‘said estate. But if the question be considered as properly presented, we hold that under the course of decisions adopted in this state, the execution would not reach the separate estate; such estate is subject to restrictions upon the power of the feme to convey Or charge the same embraced in the deed or conveyance under which she -claims, and previous to the act of 1869-70, ch. 99 ‘[Shannon’s Code, secs. 4242-4247], no siich power of sale or charge "existed when the deed or conveyance was silent upon the subject, the theory being that her power to act as a feme sole in respect to such property existed only to the extent expressly conferred by the deed. Gray v. Robb, 4 Heis., 74; Morgan v. Elam, 4 Yer., 375; Litton v. Baldwin, 8 Hum., 209.
If' the power of sale or' charge be expressly withheld, or what previous to the act of 1870 waá the same thing, the'deed be silent upon the subject, the power of the feme covert to convey or charge the estate directly could not exist-. But all tliis restriction would bó nugatory if by confessing or permitting judgment at law to go against her, the estate could be sold. See authorities cited on this point by Judge Cooper in Chatterton v. Young, 2 Tenn. Chy., 771; Bank v. Garlinghouse, 36 How. (N. Y.), 369; Swayne v. Lyon, 17 P. E. Smith, 436.
This would be to permit her to do indirectly what she could not do directly. To permit an execution to sell and give a purchaser a title which the execution debtor could not make in due form.
So, that the right of the complainant in a court- of equity to reach the separate estate of the defendant is ndt in'any degree augmented by their judgment at law. The case is to be considered both upon the force of her original contract- and her power over lier estate. The note executed by Mrs. Hoge and her husband in terms binds her separate estate, real and personal, for its payment. The considera- *106 Hon of the note as stated by .Polk, to whom it was given, was in substance this: Polk held a debt of some $500 upon J. Ii. Iloge, the husband, upon which Willis Jones was surety, Jones held a mortgage from Hoge as his security.' Polk bought from Hoge a horse, and paid him for it. It turned out that the horse was embraced in Jones’s mortgage, and the latter insisted that the price should go as a. credit upon the debt for which he was security. Polk having paid Hoge for the horse would not agree to this unless Hoge and wife would give the note in controversy for the amount, Mrs. Hoge binding her separate estate, and the note was accordingly given. The substance of all which is, that Mrs. Hoge received no benefit in the transaction, but simply became the surety of her husband. The question then is, had she the power to charge her separate estate for the payment of a security debt of her husband by the'simple execution of a promissory note with this stipulation upon its face. The estate in question (a tract of land) was conveyed to Mrs. Hoge by Janies Jones, her father. The deed is silent as to any power of sale or charge, but it conveys the land to the sole and separate use of Mrs. Hoge, and provides in explicit terms that it is not in ‘any manner or form to be liable for any debts of her present or future husband. This latter provision would be of but little avail in such cases if the estate may be subjected to the husband’s debts by the wife becoming the husband’s security, and binding her estate for his debts. In general, the influence of the husband over the wife is such as to leave her estate at his mercy, if this power be conceded to her, and the care with which her father or friends may seek to provide for hpr would be entirely unavailing, and hence it has not been the policy of our laws to invest the married woman with too many of the powers of a feme sole, but rather to deny her these powers for her protection. So, it was held by this court in the ease of "Whit-more v. "Williams, not reported, that the power of a married woman in this mode to charge' her separate estate for *107 tbe payment of debts of any character could not be allowed, wben from a fair consideration of tbe deed under which she holds the power is not given. Much less can this be so, when, as in this case, a fair construction of the deed repels the idea that the grantor intended that the estate should in this mode be made subject to the husband’s debts. Besides the weight of authority probably is that when the power to charge the estate is expressly given, the married woman can only charge it for her own benefit, or for the improvement of the estate. See Maberry v. Neely, 5 Hum., 337, and the authorities cited by Judge Oooper on this point in Chatterton v. Young, before referred to.
The act of 1869-70 only changes the law so far as to' empower the married woman to sell, convey, or to charge her separate estate in cases where the power is not expressly withheld in the deed or will under which she holds, provided her privy examination is taken in a certain mode. See Molloy v. Clapp, 2 Lea, 586.
There being no privy examination in this [case], the statute does not- apply. We hold the chancellor’s decree to be erroneous. It will be reversed and the bill dismissed.